[Weeks v. Yeend.]

# Weeks v. Yeend.

*Summary Proceeding by Surety on Administrator's Bond against his Co-surety.*

1. *Summary judgment by surety against his co-surety; what necessary to sustain it.*—To sustain a summary judgment by a surety against his co-surety, for his aliquot proportion of a debt paid by the former (Code, § 3151), the record must affirmatively show that the plaintiff was entitled to pursue the statutory remedy, and that all the statutory requirements were complied with; and when in a summary proceeding by a surety on an administrator's bond, who had paid a debt recovered on said bond, against his co-surety, the record contains no evidence that the relation of surety existed between the plaintiff and the defendant, or of a common liability, or of the extent of such liability, or, if such liability existed, of its satisfaction by plaintiff, a judgment by default rendered against the defendant can not be supported on appeal.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. JAMES T. JONES.

This was a summary proceeding under section 3151 of the Code, by one alleged co-surety against another, whereby the plaintiff, who is appellee here, sought, on a motion made for the purpose, a summary judgment against the defendant, D. W. Weeks, upon the ground that plaintiff's intestate and defendant were co-sureties on the administration bond of one Hall, who had been appointed administrator of the estate of one Dowty, deceased, and that upon a bill filed in the chancery court of Mobile county by the only heir of said Dowty, deceased, against the said Hall and his said sureties, a decree was rendered declaring that a waste had been committed by said Hall, administrator as aforesaid, to the exent of four thousand dollars, and that the said Hall and his said sureties were liable therefor, and ordering execution to issue on said decree to enforce the payment of said sum; and that the said George Brown, one of the defendants to said bill, and one of the sureties of said administrator Hall, was compelled to pay said decree; by reason of all of which said plaintiff, Yeend, as administrator of

[Weeks v. Yeend.]

the estate of said Brown, deceased, moved the circuit court of Baldwin county for a judgment against his said alleged co-surety, Dorval W. Weeks, for one-half of the amount so paid by Brown.

The judgment entry of the said circuit court below simply shows that the said defendant below, D. W. Weeks, made default and that thereupon plaintiff moved the court for a judgment against said Weeks ; that thereupon a judgment was rendered against said Weeks in favor of said Yeend, and a writ of inquiry directed to ascertain the damages ; that thereupon a jury was impannelled who assessed the damages at $2,133.34; and that thereupon the court rendered a judgment for said amount in favor of said plaintiff below and against said defendant. It does not appear from said judgment that any proof was offered or that the court ascertained the truth of any material averment made in the motion for the summary judgment.

The defendant prosecutes the present appeal, and assigns this judgment as error.

PILLANS, TORREY & HANAW, for appellant.—In order to sustain a judgment in a summary proceeding of this kind, the judgment entry must affirmatively show every fact necessary to give the court jurisdiction, and that the facts were proven which established the liability of defendant and authorized the judgment.— *Warwick v. Brooks*, 70 Ala. 412 ; *Graham v. Reynolds*, 45 Ala. 578 ; *Barclay v. Barclay*, 42 Ala. 345 ; *Arthur v. State*, 22 Ala. 61 ; *Gunn v. Howell*, 27 Ala. 663 ; *Bates v. Planters & Mer. Bank*, 8 Port. 99 ; *Levert v. Planters & Mer. Bank*, 8 Port. 104 ; *Clements v. Branch Bank*, 1 Ala. 50; *Caldwell v. Guinn*, 54 Ala. 64.

No counsel marked as appearing for appellee.

BRICKELL, C. J.—This was a summary proceeding by notice and motion under the the statute, (Code, § 3151), by the personal representative of a deceased surety, to recover contribution from a surviving co-surety. A judgment by default was rendered against the co-surety, and there was the award of a writ of inquiry to ascertain the damages the plaintiff was entitled to recover. The jury returned a verdict assessing the damages, and

for the damages assessed a final judgment was rendered, from which appeal was taken.

So far as shown by the record, there was no evidence that the relation of sureties existed between the appellant and the intestate of the appellee, or of a common liability, or of the extent of such liability, or if such liability existed, of its satisfaction by the appellee or his intestate. These were the essential facts entitling the appellee to pursue this remedy. The uniform rulings of this court, since the introduction of summary proceedings of this character, have been, that a judgment by default therein rendered can not be supported on error, unless the record affirmatively discloses the existence of every fact entitling the party to such remedy.—2 Brick. Dig. 466, § 1; *Warwick v. Brooks*, 70 Ala. 412.

The judgment is reversed, and the cause remanded.