# Gerald & Chambers v. Tunstall.

*Action of Assumpsit.*

· 1. *Evidence foreign to issues made by pleadings.*—Where the plaintiff joined issue upon a plea averring breaches of the contract sued on, without setting up by replication matter in avoidance of such plea, and the evidence without conflict sustained the plea, it was not error to exclude evidence offered by the plaintiff which was not in rebuttal of evidence introduced in support of the plea, but of matter in avoidance thereof.

2. *Error without injury in admission of evidence.*—Where the evidence without conflict sustained special pleas interposed by the defendant, upon which the plaintiff joined issue without specially replying thereto, the admission of evidence offered by the defendant

[Gerald & Chambers v. Tunstall.]

which had no bearing whatever on said special pleas, though erroneous, was error without injury to the plaintiff.

3. *When defendant is entitled to verdict on proof of facts alleged in plea.*—Where the plaintiff joins issue upon defendant's plea, without replying thereto, if the evidence sustains the plea, the defendant is entitled to a verdict.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellants, Gerald & Chambers, against the appellee, Peyton R. Tunstall. The opinion describes the pleadings in the case. The plaintiffs reserved exceptions to the several rulings of the trial court on questions of evidence which are considered in the opinion. It was shown that the work provided for in the contract mentioned in the defendant's two special pleas was not completed until the 19th day of January, 1895. The plaintiffs requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked : "(1) The court charges the jury that, under the contract between the plaintiffs and the defendant, the defendant is not entitled to recover five dollars a day, as liquidated damages, from the 18th of September, 1894, to 19th of January, 1895 ;—but defendant, Dr. Tunstall, can only recover such damages as he has actually sustained by the delay ; and the jury must assess such actual damages as the defendant has actually sustained, and for the amount of such damages the jury must look to the evidence to find." "(2) The court charges the jury that the five dollars a day damages named in the contract between the plaintiffs and defendant, under all the circumstances of the parties and their relations, is a penalty, and not liquidated damages ; and the jury will find from the evidence what actual damages Dr. Tunstall has sustained by the delay." The plaintiffs also excepted to the court's giving at the request of the defendant the following written charge : "The court charges the jury that, if they believe all the evidence in this case, they should, in finding their verdict, allow the defendant the sum of six hundred and ten ($610) dollars for the failure of the plaintiffs to complete their work prior to the 19th day of January, 1895. If plaintiffs have failed to perform their contract in any other particular, and thereby damaged the defendant, you will

add this damage to the sum of six hundred and ten ($610) dollars. From this aggregate sum you should deduct whatever amount may be due to plaintiffs for their work and render a verdict for defendant for the balance.''

There were verdict and judgment for the defendant. Other material facts are stated in the opinion. The plaintiffs appeal, and assign as error the several adverse rulings of the trial court.

MILLER & PRINCE, for appellants.

GREGORY L. & H. T. SMITH, contra.

COLEMAN, J.—The action is in assumpsit, and the complaint contains two counts. The first is in common form for work and labor done ; and the second is to recover a balance due on a contract made between plaintiff and defendant, by which the former agreed to furnish material and make certain alterations and repairs on the dwelling of the defendant for a stipulated amount. The defendant filed three pleas, the first being the general issue, and the second and third were special pleas, to both counts of the complaint. The cause was tried upon issue joined upon the pleas of the defendant. In considering the exceptions to the rulings of the court, and the instructions to the jury, their correctness must be determined with reference to the issues joined. There is an omission in the third plea, as it appears in the abstract, apparent upon reading it, which occurred in copying the plea from the record. Both parties have argued the case as if the defect was cured, and we will treat it the same way. By the terms of the two special pleas, the contract, which is made an exhibit, becomes a part of the pleas, and the pleas aver breaches of the contract by the plaintiff, one of which was a failure to perform the contract in the manner required, and to furnish the materials as agreed upon. These breaches are particularly set out in the pleas. Another breach was the failure to complete the contract by the time stipulated, and a claim of five dollars per day for each day of delay as liquidated damages, that amount having been agreed upon by the contract for each day the completion of the work was delayed after the 18th day of

September, 1894. The plea averred that it was provided in the contract that all matters of controvesy as to style of work, materials to be furnished, and liability for delay, should be determined by the architects, Hutchinson & Hammond, and their decision should be final. The plea then sets up that the conditions arose upon which the architects were to act, their action in the matter, the amount allowed to the defendant against the plaintiff for his failure in the several matters determined, which amount the defendant claimed in his plea. Having joined issue upon the plea, if the evidence sustained it, the defendant was entitled to a verdict. The evidence showed, without conflict, that the work was not completed by the 18th of September, 1894. The plaintiff offered to introduce evidence to show that they were not at fault in not completing the work by the time specified, which, upon objection, the court declined to admit. There was no error in this ruling, If the plaintiff had replied to the plea, admitting the delay and setting out the causes of delay in avoidance, and issue had been joined upon the replication, the evidence would have been admissible. No ruling of the court in excluding evidence not in rebuttal of evidence introdueed in support of the plea can be held erroneous. The abstract does not support the contention that the plea averred that "the delay was chargeable solely to the default of the plaintiff." The averment of the plea is, "that the architects decided that such delay was chargeable solely to the plaintiffs," and this averment, upon which issue was joined, was supported without conflict.

The abstract contains the following statement: "The defendant contested many of the items of the account of extras claimed by plaintiff, and the plaintiff contested the items of defendant's damages. There was much testimony on both sides as to these features of the case, but all that went to the jury without exception." We understand from this statement that there were no exceptions to the ruling of the court upon any question of evidence, amount of extras, as to the work done by plaintiffs, and its value, and which was recoverable under the common count. The plaintiffs' case in this respect was fairly before the jury. The exceptions relate principally to the rulings of the court upon questions arising under the defendant's special pleas, not only as

[McClarin v. Anderson.]

to questions of evidence, but also as to instructions. We are of opinion that the court erred in admitting in evidence the letter of June 23rd. This letter was a proposal by plaintiffs to do the work on certain terms and conditions. The contract was completed and executed some days afterwards, and, which we hold, contained and expressed the final agreement of the parties, and into which all previous propositions on either side became merged. In no aspect of the case, however, can we see how the evidence was injurious to plaintiffs, or beneficial to defendant. It had no bearing whatever on defendant's special pleas. They were fully sustained by other evidence, and which was not denied. When the rulings of the court are considered in connection with the case made by the pleadings, we are not prepared to say there was error injurious to appellant.

Affirmed.