# McGhee & Fink, Receivers, &c. v. Reynolds.

## Action against a Railroad Company by Passenger for being Ejected from Train.

| 117 | 413 |
| s129 | 540 |
| 129 | 550 |
| 117 | 413 |
| 130 | 568, |
| 117 | 413 |
| 138 | 254 |
| 117 | 413 |
| 142 | 709 |

1. *Bill of exceptions; when properly signed by regular judge and not special judge.*—When, after a regular circuit judge organizes court and tries a number of cases, he is taken sick during the term and becomes unable to proceed and transact the business of the court to the completion of the term, and the Governor, under the provisions of the statute (Acts of 1894-95, p. 1135), appoints a special judge to hold court during the remainder of the term, the bill of exceptions prepared in a case which was tried while the regular judge was presiding, should be signed by him before the adjournment of the court, and not by the special judge who was presiding at the time of the adjournment.

2. *Action against railroad company for ejection of passenger; joinder of causes of action.*—A complaint in an action against a railroad company by a passenger is not subject to demurrer for misjoinder of

[McGhee & Fink, Receivers, &c. v. Reynolds.]

causes of action, when in one of the counts the plaintiff avers that having purchased from defendant a ticket which authorized her to travel on defendant's road, she boarded defendant's train to go to her place of destination, but she was not allowed to ride on the train, and notwithstanding she had said. ticket, she was ejected from the train by the conductor, and in the other count it is averred that plaintiff having purchased a round-trip ticket and after having reached her destination and wishing to return, she presented the ticket to the defendant's station agent for his official stamp and signature, and offered to prove her identity, as the contract on the ticket required her to do, in order to return, and that notwithstanding it was said station agent's duty to sign and stamp said ticket he refused to do so, and by reason of such ticket not being stamped and signed, she was ejected from defendant's train while attempting to return thereon, and using said ticket; both of said causes of action being in tort.

3. *Same; sufficiency of complaint.*—In an action against a railroad company by a passenger for alleged wrongful ejection from one of the defendant's trains, a count of the complaint states a good cause of action, which avers that the plaintiff purchased a round-trip ticket from the defendant, and after having travelled to her place of destination, she attempted to return on one of the defendant's trains using the ticket, which authorized her to so travel, and that notwithstanding she had said ticket, she was ejected from the defendant's train by the conductor thereon; and such complaint, without more, entitles the plaintiff to maintain the action, and upon proof of the averments thereof to recover damages.

4. *Same; same.*—In such a count, the violation of duty is the alleged wrongful conduct of the conductor in ejecting plaintiff from the train, and in not allowing her to return on the ticket, and further averments in the count that the conductor willfully, violently and forcibly ejected the plaintiff from the train, are expressions of the mere conclusions of the pleader, and give no additional efficacy to the complaint as stating a cause of action.

5. *Same; same* —In an action against a railroad company by a passenger, a count of the complaint states a good cause of action, which avers that plaintiff purchased a round-trip ticket from the defendant, which provided that before it was good for return passage, the holder had to be identified as the original purchaser before the defendant's station agent at the place to which plaintiff was going, who would then sign, date and stamp it as said agent, and then avers that wishing to return she presented the ticket to the defendant's said agent for his official stamp and signature, and offered to prove her identity, as the contract on the ticket required her to do, in order for her to use the ticket for the return passage, but that notwithstanding it was said station agent's duty to sign, date and stamp the ticket, he refused to do so, and by reason of said ticket not being so dated, stamped and signed, the plaintiff was ejected from defendant's train

[McGhee & Fink, Receivers, &c. v. Reynolds.]

while attempting to return, by the use of such ticket; said count stating a cause of action arising from the breach of duty of the station agent in failing and refusing to sign, date and stamp the plaintiff's ticket.

6. *Ejectment of passenger from railroad train; proper when travelling on void ticket.*—A ticket presented by a passenger is the sole and conclusive evidence to the conductor of a railroad train of such passenger's right, as such, to be on the train; and if such ticket is void on its face, and the passenger refuses to pay his fare, the conductor has the right to eject him from the train, using no more force than is necessary; and for such expulsion from the train, the railroad company is not liable.

7. *Pleading and practice; effect of joining of issue on insufficient plea; general affirmative charge.*—When issue is joined on an insufficient or immaterial plea, and the averments therein are proved without.conflict in the evidence, the defendant is entitled to the general affirmative charge in his favor.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellee, Mariah Reynolds, against the appellants, McGhee & Fink, receivers of the Memphis & Charleston Railroad Company.

The cause was tried at the regular term of the circuit court for Morgan county, on April 20, 1897. At the time of the trial of this cause Hon. H. C. Speake, who was the judge of that circuit, was present and presiding. Subsequent to the rendition of judgment in this case, and later during the term, Judge Speake became sick, and thereupon O. Kyle, Esq., was appointed special judge and presided over the court until its final adjournment. The bill of exceptions in this case was prepared and presented to Judge Speake on the day of the final adjournment of the court, and he signed the bill of exceptions. The other facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

In this court the appellee made a motion to strike the bill of exceptions from the record in this cause, upon the ground that Hon. H. C. Speake "at the time of signing had no authority in law to sign said bill of exceptions," and because it is not properly a part of the record in this case.

[McGhee & Fink, Receivers, &c. v. Reynolds.]

The appellants moved the court to strike from the transcript or record the pages purporting to contain the commission issued to O. Kyle, Esq., as special judge, to hold the circuit court of Morgan county for the week beginning May 3, 1897, and the order of said O. Kyle as special judge finally adjourning the court on May 8, 1898, and further containing the recital of the clerk of the said court that said Kyle took the oath of office and was duly qualified as such special judge. The grounds for this motion were that the matters set forth on said pages are not a part of the record, and the matters and proceedings as there stated are shown to have taken place after the final judgment was rendered in the court below in this cause by the regular judge of the circuit court.

HUMES, SHEFFEY & SPEAKE, for appellants.—The ejectment of the plaintiff from the train of the defendant was proper. The ticket itself, and the contract therein expressed is conclusive to the conductor, and the ticket being void on its face, it could not be used by the plaintiff to secure her passage. The following high authorities hold that the ticket itself is conclusive evidence to the conductor of the right of the person presenting it to ride thereon, and that the conductor can not consider any other evidence.—*Mosher v. St. L., &c., R. Co.*, 127 U. S. 390; *Boylan v. R. R. Co.*, 132 U. S. 146; *Bradshaw v. R. R. Co.*, 135 Mass. 407; 46 Amer. Rep. 481; *Townsend v. R. R. Co.*, 56 N. Y. 295; 15 Amer. Rep. 419; *Frederick v. R. R. Co.*, 37 Mich. 342, 26 Amer. Rep. 531; *Petric v. R. R. Co.*, 42 N. J. L. 449; 1 Amer. & Eng. R. R. Cases, 258; *Peabody v. R. & Nav. Co.*, 12 L. R. A. 823; *Railroad Co. v. Connell*, 112 Ill. 295; 54 Amer. Rep. 238; *Shelton v. R. R. Co.*, 29 Ohio St. 214; *L. & N. R. R. Co. v. Fleming*, 14 Lea (Tenn.) 128; 18 Amer. & Eng. R. R. Cases, 347; *VanDusan v. R. R. Co.*, 97 Mich. 439; 37 Amer. St. Rep. 354; *Edwards v. R. R. Co.*, 81 Mich. 364; 21 Amer. St. Rep. 527; 25 Amer. & Eng. Encyc. of Law, 1092; Hutchinson on Carriers, §§ 572, 574; 2 Wood's Railway Law, 1407, § 530, note 4; 1413–1414, § 535; Neg. of Pass. Carriers, (Ray) § 60; *Manning v. R. R. Co.*, 95 Ala. 392; *R. R. Co. v. Carmichael*, 90 Ala. 19; *McGee v. Drisdale*, 111 Ala. 597.

[McGhee & Fink, Receivers, &c: v. Reynolds.]

It has been repeatedly held that the acceptance of a ticket or "ticket contract" binds the passenger to a compliance with all the terms thereof, whether he did or could read it.—*Railway Co. v. Nicholas*, 51 Amer. St. Rep. 206 ; *O'Regan v. Steamship Co.*, 39 Amer. St. Rep. 584 ; *Fonseca v. Steamship Co.*, 25 Amer. St. Rep. 660.

O. KYLE, *contra.*—It is the law in Alabama, that defendant would be liable for the mistakes of its agents. *S. & N. Ala. R. R. Co. v. Huffman*, 76 Ala. 498 ; *Ala. G. S. R. R. Co. v. Heddleston*, 82 Ala. 218. The plaintiff in this case was on the car by the direction of the defendant's agent, and she was, therefore, a passenger.— *Shannon v. R. R. Co.*, 78 Me. 52 ; *A. S. G. R. R. Co. v. Yarbrough*, 83 Ala. 241 ; *Gardner v. Waycross Air Line R. Co.*, 97 Ga. 482. Being rightfully on the train, under these circumstances, was the ticket the sole evidence that the conductor could go by? Upon this question "the authorities are in irreconcilable conflict" but the doctrine that it is not the sole evidence, is said to be the better doctrine—it certainly has the support of the more recent cases.—25 Amer. & Eng. Encyc. of Law, 1076-1077 ; Negligence of Imposed Duties, §§ 60, 61 ; *Hufford v. Grand Rapids, &c., R. R. Co.*, 64 Mich. 631 ; *Trice v. R. R. Co.*, 21 S. E. Rep. 1022 ; *Peabody v. R. R. & Nav. Co.*, 12 L. R. A. 823 ; *Boehm v. R. R. Co.*, 91 Wis. 592.

For the refusal of the defendant's station agent to sign, date and stamp the ticket of the defendant, on account of which the plaintiff was ejected, the railroad company was responsible.—*Ellsworth v. R. R. Co.*, 63 N. W. Rep. 584 ; *Railroad Co. v. Fix*, 88 Ind. 381 ; 45 Amer. Rep. 465 ; *Railroad Co. v. Riley*, 68 Miss. 765 ; 24 Amer. St. Rep. 309 ; *Head v. Ga. Pac. R. R. Co.*, 79 Ga. 358 ; 11 Amer. St. Rep. 434 ; *Quigley v. Cen. Pac. R: R. Co.*, 11 Nev. 350 ; *Beaver v. R. R. Co.*, 58 Amer. & Eng. R. R. Cases 42 ; *Butler v. Manchester, &c., R. Co.*, 21 Q. B. D. 207.

If appellee is entitled to maintain this action for the ejection, then she can recover for wounded feelings, mental suffering, personal indignity as a part of the actual damages.—*R. R. Co. v. Tapia*, 94 Ala. 226 ; *St. L., I. M. & S. R. R. Co. v. Davis*, 56 Ark. 51 ; *Curtis v. Railway Co.*, 87 Iowa 622 ; *C. & A. R. R. Co. v. Flagg,*

43 Ill. 364; *Railroad Co. v. Walsh*, 47 N. J. L. 548; *Railway Co. v. James*, 82 Tex. 306; *Carsten v. R. R. Co.*, 44 Minn. 454.

HARALSON, J.—1. Even if the motion to strike from the transcript the pages which show the appointment of a special judge at the term of the court be not granted, it could not be allowed that Judge Speake, who tried this case, did not have the authority to sign the bill of exceptions. It appears he tried it in the earlier part of the term, which began on the second Monday in April, 1897. The Governor, by virtue of the act approved February 18th, 1895, providing "for the holding of regular terms of the circuit and chancery courts when the judge or chancellor fails to attend," etc., (Acts, 1894–95, p. 1135), appointed the Hon. O. Kyle, as special judge to hold the court. The commission recites, that Judge Speake failed to appear. On the 8th of May, 1897, the day fixed by law for the adjournment of the court, as the order recites, special Judge, Kyle, entered an order of adjournment, without day. On that day, presumably before the adjournment, Judge Speake signed the bill of exceptions in this case, and it was properly and legally signed.—Code of 1886, §§ 2760, 2761, (Code of 1896, §§ 615, 616.)

2. There is no misjoinder of causes of action in the amended counts of the complaint. The action is in tort against defendant for unlawfully ejecting the plaintiff as a passenger from its train, and not an action of assumpsit for the breach of contract. The first count was in tort, and so were the three others added by way of amendment.

3. The first and third counts in the amended complaint set out no more in substance, when stripped of redundant and superfluous matter, which might have been stricken, than that the plaintiff purchased a ticket for a reward from defendants, at Decatur to Huntsville, which authorized her to travel thereon to Huntsville and return to Decatur; and after having travelled on it to Huntsville, she attempted to return to Decatur on defendant's cars, was not allowed to ride thereon, but was wronfully ejected from the cars, by the conductor of defendants's train. The violation of duty complained of in these counts, is the illegal conduct of the

conductor, in ejecting plaintiff from the train, and in not allowing her to return on the ticket to Decatur. It is averred in these and the remaining count, that the conductor willfully, violently and forcibly ejected plaintiff from the cars. These are expressions of mere conclusion of the pleader, intended, as made, we take it, in aggravation of damages. The action is not brought to recover for the rudeness and violence of the conductor. Good pleading would require the facts constituing the willfulness and force employed by the conductor to have been set out, if he used more force than was necessary to effect a peaceable and proper ejection of plaintiff.

The terms of the contract as contained in the ticket, are not set out in the counts; but, it is averred in substance, that the plaintiff had purchased a ticket, on which she was authorized to ride, and that she was not allowed to do so, and, notwithstanding she had such a ticket, she was put off the train by the conductor. This showed a good cause of action, and, without more, entitled her to maintain the action, and on proof of the averments to recover some damages.

4. As to the right of a conductor to eject a passenger who is found riding on a train, on a ticket void on its face, it is proper to say, and we may announce, without elaboration, as the proper conclusion sustained by the great weight of authority, that the ticket is the sole and conclusive evidence to the conductor of a passenger's right, as such, to be on the train; that the conductor has the right to rely upon the express language of the contract as expressed in the ticket, and when it is void on its face, in default of payment of fare he may deny the right of the passenger to ride on such ticket, and expel him in a proper manner from the train.—*Mosher v. The Railroad*, 127 U. S. 390; s. c. 23 Fed. Rep. 326, 328; *Pouilin v. C. Pac. R. R. Co.*, 52 Fed. Rep. 197; *Railway v. Bennett*, 50 Fed. Rep. 496; 1 C. C. A. 544; *Hale v. Railroad Co.*, 15 Fed. Rep. 57; *Townsend v. N. Y. C. R. R. Co.*, 56 N. Y. 295; *Shelton v. Lake Shore R. R. Co.*, 29 Ohio St. 214; *Frederick v. Marquette R. R. Co.*, 37 Mich. 342; *Bradshaw v. Railroad Co.*, 135 Mass. 407; *Murdock v. Railroad Co.*, 137 Mass. 293; *L. & N. R. R. Co. v. Fleming*, 14 Lea (Tenn.) 128; *Dietrich v. Railroad Co.*, 71 Penn. St. 432; *Petrie v. Railroad Co.*, 42 N. J.

L. 449; *Railroad Co. v. Griffin*, 68 Ill. 499; *Pennington v. Railroad Co.*, 62 Md. 95; *Johnson v. Railroad Co.*, 63 Md. 106; 4 Elliott on Railroads, § 1594; Mechem's Hutch. on Car. §§ 580, 581; *Manning v. Railroad*, 95 Ala. 392; *Railroad Co. v. Carmichael*, 90 Ala. 19; *S. & N. A. R. R. Co. v. Huffman*, 76 Ala. 492.

5. The second amended count containing the same averments as the first and third counts, as to the purchase of the ticket, sets out the terms of the contract as expressed in the ticket, as follows: "That it is not good for return passage unless the holder identifies himself as the original purchaser, before the authorized agent of the Memphis & Charleston railroad at point first named above, (which plaintiff avers was Huntsville); and when officially signed and dated in ink and duly stamped by said agent, this ticket shall then be good only for a continuous passage to starting point, as last named above (which plaintiff avers was Decatur, Alabama), only on next passenger train leaving after date of said identification, but in no case later than the date cancelled in the margin (which plaintiff avers was Oct. 31, 1894)." This followed by averments in substance, that plaintiff did, on June 22, 1894, travel as a passenger on defendant's cars on said ticket from Decatur to Huntsville, Alabama, and on or about June 22, 1894, presented herself for indentification as the original purchaser of said ticket, to the proper and duly authorized agent of defendants in charge of the Memphis & Charleston Railroad, at Huntsville, Alabama (whose name was unknown to plaintiff), and offered proof of her identity as required by said ticket; that she requested said agent to fix her said ticket in all respects as required by the stipulations on plaintiff's ticket as above set out; that it was within the scope of his duties prescribed by his employment, as agent of defendant, to officially sign, date and stamp in ink the said ticket of plaintiff, but the said agent wholly refused and failed, though requested, to do so; that after said agent at Huntsville refused to sign, date and stamp her ticket, as averred, she took passage at Huntsville, on or about June 22, 1894, on the next passenger train of defendants for Decatur, etc. Then follow the averments of her ejection from the train by the conductor, substantially as made in the 1st and 3d counts. Unlike these counts,

as we have said, the contract as contained in the ticket is here purported to be set out, at least in part. It would have been well, if the whole contract had been set out. It appears from the face of the ticket itself, that plaintiff had no right to return thereon from Huntsville to Decatur, until the same had been signed, dated and stamped in ink by the agent at Huntsville, and the averment is made that this was not done; and yet it is averred, that plaintiff got on the car and attempted to ride on such ticket, void on its face, from Huntsville to Decatur. She knew the condition of her ticket, and that by its terms, she was not entitled to return on it to Decatur. She was a trespasser on the train according to these averments, and as the conductor had nothing to go by but her ticket, he had the right, and it was his duty, in default of paying her fare, to put her off in a proper manner. So, if the cause of action relied on in this count, is the wrongful conduct of the conductor in expelling her, it is manifest she can not recover under it. It is clear also that on the averments of the complaint, the plaintiff has a cause of action arising from the breach of duty of the ticket agent at Huntsville, in failing and refusing to sign, date and stamp her ticket in ink, when, as she avers, she presented it to him and requested him to do so, and offered to prove her identity. It may be that this count was intended by the pleader to set forth such cause of action, and that the act of the conductor as therein set forth, in expelling plaintiff from the cars, is not relied or counted on, as the real cause of action. We are disposed to so construe and treat the count.

6. From the foregoing presentation of the different counts of the complaint, it appears, that in the absence of averment in the 1st and 3d counts, of the terms and conditions of the ticket-contract, the case could be tried properly on those counts, on its real merits, only on pleadings which would present the real issue. If the facts of the case were fully set out, the general issue would, so far as appears, place the parties in proper attitude to try the case on its merits.

7. The defendant pleaded to the entire complaint, 1st, the general issue, and a second, special plea, setting up that plaintiff "attempted to ride on said ticket from Huntsville to Decatur, although said ticket was not

signed, dated and stamped by the agent at Huntsville, so as to entitle her to ride thereon, and this, plaintiff well knew, and failed and refused to pay her fare from. Huntsville to Decatur.''

The plea was no answer to the 1st and 3d counts, for there is nothing in these counts, as has appeared, to show that the ticket on which plaintiff travelled, contained any stipulation requiring it to be signed, dated and stamped by the Huntsville agent, before plaintiff was entitled to ride on it. But the court overruled the demurrer which was interposed to this plea, and plaintiff took issue on it.

The facts set up in this plea were established, without conflict of evidence, which entitled the defendant to the general charge as asked. The plea, as we have said, not sufficient as to the first and third counts, presented also, as a special plea, an imperfect issue on the allegations of the 2d count. If the gravamen of the action is the misconduct of the Huntsville agent, the plea is no sufficient answer to the complaint. It does not respond to the real cause of action,—the alleged misconduct of the Huntsville agent,—but was evidently intended as an answer to the 1st and 3d counts, and to the 2d also, treating it like the other counts, as complaints for the violation of duty to the plaintiff by the conductor. It may be that the issue, on this count, could have been appropriately tried on the plea of the general issue ; but not relying on that alone, the defendants interposed the special plea, pleaded to the whole complaint. When issue is joined on an insufficient or immaterial plea, as was here done, and its averments are proved, without conflict in evidence, the defendant is entitled to the general charge. Such a charge was asked and refused in this case.—*Taylor v. Smith*, 104 Ala. 538 ; *Lewis v. Simon & Co.*, 101 Ala. 546 ; *Winter v. Pool*, 100 Ala, 503.

We have not gone specially into the various questions raised on assignment of error on this record, but have confined what we have said to general principles, which, —as the cause must be reversed,—will lead to an easier and simpler presentation of the real issues in the case, and its trial on the merits.

Reversed and remanded.