# Alabama State Land Co. *v.* Slaton.

*Action on the Case.*

| 120 | 259 |
| 132 | 273 |
| 120 | 259 |
| 134 | 243 |

1. *Pleading and practice; when general demurrer properly overruled* —A demurrer to the complaint in an action on the case upon the ground "that the acts complained of are not actionable," or "that the averments of the complaint are too vague and indefinite to present a material issue to be determined by the court," does not contain a sufficient specification of any ground of demurrer as required by the statute, and is properly overruled.

2. *Same; action on the case; sufficient averments of damages in the complaint.*—In an action on the case for injuries for damages resulting to plaintiff from defendant's wrongfully claiming title to cross-ties alleged to have been [the property of plaintiff, the averments in the complaint that by reason of defendant wrongfully marking said ties they were refused by a prospective purchaser who would not accept or pay for them, and that thereby the plaintiff lost the value of said ties and was otherwise damaged in his credit and reputation, are pertinent to the cause of action, and should not be stricken out on motion of defendant.

3. *Same; joinder of issue upon insufficient complaint; evidence tending to prove its averments admissible.*—Where a complaint, though demurrable, is not subject to the demurrers interposed, and trial is had upon issue taken upon said complaint, evidence pertinent to such issue so formed and tending to prove the averments of such complaint is admissible and should not be excluded upon motion of the defendant.

4. *General affirmative charge; when properly refused.*—When the evidence in a case is conflicting and when adverse inferences may be drawn from it, the general affirmative charge is properly refused.

5. *Action on the case; when charge restricting recovery to nominal damages properly refused.*—In an action on the case to recover damages for the wrongful taking and claiming title to certain cross-ties alleged to have been the property of the plaintiff, where

there was evidence tending to show that said ties were cut from plaintiff's lands and by reason of the defendant wrongfully marking them they were refused by a prospective purchaser, and that since such refusal the ties had been damaged to the extent of one-half their value on account of their exposure to the weather, a charge which instructs the jury that the plaintiff was entitled to recover only nominal damages is properly refused.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. J. A. BILBRO.

This action was brought by the appellee, J. F. Slaton, against the Alabama State Land Company.

As originally filed, the complaint contained two counts in trespass, each count claiming damages for the wrongful taking of certain cross-ties and switch-ties. A demurrer having been sustained to the second count of the complaint, the plaintiff amended it by substituting therefor a count in case, the substance of which is stated in the opinion. To this count the defendant demurred upon the following grounds: (1) That the acts complained of in said count are not actionable. (2) That the averments of said count are too vague and indefinite to present any material issue to be determined by the court. This demurrer was overruled, and to this ruling the defendant excepted. Thereupon the defendant moved the court to strike from said amended count the following words: "By reason of which wrongful marking said cross-ties and switch-ties were refused by said tie inspector and were not paid for by him, nor would he accept or pay for them," and also the following words: "And said plaintiff lost the value thereof and was otherwise damaged in his credit and reputation two hundred and fifty dollars as aforesaid." This motion was overruled, and the defendant duly excepted. The other facts of the case and the rulings of the trial court upon the evidence are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe all the evidence, they must find the issues in favor of the defendant." (2.) "Under the evidence in this

case there can be no recovery for more than nominal damages.'' (3.) ''There can be no recovery under the evidence in this case for more than nominal damages, and if the jury believe from the evidence that the ties were taken off of the lands of defendant the jury must find for the defendant.'' (4.) ''A depreciation in the value of the property caused by the sun and the weather cannot be taken as a basis for the amount of damages sustained by the plaintiff.''

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. A. W. SMITH, for appellant, cited *Southern Bell T. Co. v. Francis*, 109 Ala. 231; Sutherland on Damages, § 3.

No counsel marked as appearing for appellee.

HARALSON, J.—The two counts in the original complaint were trespass. On demurrer sustained to the 2d, the plaintiff amended, by substituting a count in case therefor,—allowable under the statute,—to which a demurrer was again interposed and overruled.

The substantial averments of this count are, that the plaintiff was the owner of the cross and switch ties concerning which the suit was brought, and their value; that the plaintiff placed them on the right of way of the Alabama Great Southern Railroad Company, to be inspected by the inspector and paid for; that the defendant company wrongfully marked plaintiff's ties, with the words, ''Claimed by the Alabama State Land Company,'' by reason of which wrongful act, his ties were refused and not accepted by the railroad inspector, and were not paid for, and plaintiff, in consequence, lost the value of them and was otherwise damaged, etc.

After a demurrer was overruled to this count, the defendant took issue on it, and the cause was tried on it alone.

A witness, Payne, testified that he was the district agent of the Alabama State Land Company in DeKalb county; that he was authorized by the defendant com-

pany to give notice that said company claimed ties which had been taken from its lands and placed on the right of way of the said railroad company, for sale to said company, and that he marked one tie on each pile of the ties in question, with a brush and lampblack, ''Claimed by the Alabama State Land Company.'' This evidence tends to show that the ties were so marked by one authorized so to do by the defendant, and that his act in so doing was, therefore, the act of the defendant.

The witness, Blansit, testified that he was present when the tie inspector of the railroad company came along to inspect, pass upon and accept or reject ties which had been placed at the point where these ties were placed, for sale to the railroad company ; that he accepted some ties that were there, but refused to accept or pay for any of those which were marked,—''Claimed by the Alabama State Land Company,''—and that defendant has not paid for any ties which were not accepted by the tie inspector. The plaintiff himself testified, that the mark on said ties did not injure the ties themselves, further than to cause the railroad inspector for the railroad company to reject and not pay for them. But he testified further, that the ties had been damaged about one-half in value since they were placed on the right of way of the railroad, which damage resulted from being exposed to the sun and weather after the time that the tie inspector had come along for the purpose of accepting ties for his company. His proof also tended to show, that the ties were cut from his own land and not from the lands of defendant, while that for defendant tended to show they were cut from its land.

1. The demurrer to the 2d count, in its several grounds, was general, and did not assign specifically the causes therefor, and was, therefore, properly overruled. 3 Brick. Dig 705, § § 70–79.

2. The parts of this count which the defendant moved to strike, set up matter pertinent to be alleged to make out the plaintiff's case ; and the motion to strike was properly overruled.

3. After the evidence had been closed, the defendant moved to exclude all the plaintiff's evidence. If the 2d count was good, as we have held it was,—as for the de-

[Cobb, *et al.* v. Vary.]

murrer interposed to it,—the plaintiff's evidence was pertinent as tending to prove its averments.

4. When the evidence is conflicting, or when adverse inferences may be drawn from it, or when there is any evidence tending to establish the case of the other party, the rule prevailing is that the general charge should not be given.—*Bromley v. Birmingham M. R. R. Co.*, 95 Ala. 404 ; *Foxworth v. Brown*, 114 Ala. 299. The proof was conflicting in this case, and the general charge for defendant was properly refused. The second charge was also properly refused. There was no reason for confining the recovery to nominal damages. The third, contained the same instructions as the second ; and in addition, that if the jury believed the ties were cut from defendant's land, they should find for defendant. Even admitting the correctness of the last instruction in the charge, coupled as it was with the previous instruction therein, the charge as a whole was properly refused.

The vice of the 4th charge, from what has already been said, readily appears.

Affirmed.