# Central of Georgia Railway Company *v.* Gross.

*Wrongful Ejection of Passenger.*

(Decided April 22, 1914.   68 South. 291.)

1. *Appeal and Error; Record; Bill of Exceptions; Which Controls.* —Where there is a conflict between the record proper and the bill of exceptions the record controls as to all matters which should appear from the record proper, and the bill of exceptions controls as to all matters which must appear from the bill of exceptions.

2. *Pleading; Issues; Evidence.*—Where issue was joined on a replication, and the replication is proven without dispute, plaintiff is

[Central of Georgia Railway Company v. Gross.]

entitled to a verdict on the issue presented by the replication just as if it were a material issue.

3. *Same; Complaint; Sufficiency.*—Where a complaint states a cause of action, and issue is taken on it, evidence is admissible in support thereof, and if proven plaintiff is entitled to a verdict, notwithstanding the complaint was demurrable.

4. *Same; Immaterial Plea; Judgment.*—Where issue was joined on an immaterial plea, and the plea was proven without conflict, and a charge was refused asking judgment as to the plea, a judgment for the plaintiff will be reversed on appeal.

5. *Same; Issue; Replication.*—Taking issue on a replication is a joinder of issue.

6. *Same; Remedy of Parties.*—Where issue is joined on an immaterial plea, and the plea is proven without dispute, and verdict is rendered thereon for defendant, plaintiff's remedy is by motion for repleader, or for a judgment notwithstanding the verdict.

7. *Same; Complaint; Insufficiency.*—Where a complaint states no cause of action and that fact affirmatively appears, such complaint will not support a judgment although no objection is made in the court below.

8. *Judgment; Immaterial Issue; Conclusiveness.*—Where no repleader is moved for, a judgment on an immaterial issue is as conclusive as any other.

9. *Pleadings; Issue; Proof.*—Where the general issue is interposed, the burden is on plaintiff to prove the complaint.

10. *Trial; Directing Verdict.*—Where the evidence is conflicting as to an issue neither party is entitled to have a verdict directed as to that issue.

11. *Evidence; Experts; Opinion.*—Where the action was by a passenger for her wrongful ejection as a passenger, and there was evidence tending to show that because thereof she had to carry two valises some distance, a physician who had examined plaintiff could testify as to her physical condition, and give an expert opinion as to the probable result of putting her off the train and of her having to carry these valises.

12. *Trial; Discretion of Court; Demurrer.*—It was within the discretion of the trial court to decline to allow the filing of a demurrer after the argument had closed.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Frances Gross against the Central of Georgia Railway Company. There was a judgment for plaintiff, and defendant appealed to the Court of Appeals, and it transferred the cause under Acts 1911, p. 450, § 6, to the Supreme Court. Affirmed.

The following are the charges referred to: (A) If you are reasonably satisfied from the evidence that plaintiff tendered to the conductor an amount less than the legal fare to her destination, and no more, then I charge you that the conductor was under no legal duty to accept it, and could lawfully eject plaintiff, and your verdict should be for defendant.

(L) The burden of proof is on plaintiff to reasonably satisfy you by the evidence that she tendered to defendant's conductor the legal fare to her destination, and he refused to accept it, and ejected her, and, unless she has so reasonably satisfied you, your verdict must be for defendant.

(N) I charge you that the retention by the conductor of the ticket tendered by plaintiff, upon which she was not entitled to transportation, was not a legal waiver of his right and duty to demand the payment of the correct fare; and, if you are reasonably satisfied by the evidence that the conductor ejected plaintiff because she refused to pay the correct fare, your verdict must be for defendant, although you may believe that the conductor retained and refused to surrender the ticket which plaintiff had given him.

(O) I charge you that before you can find for plaintiff you must be reasonably satisfied by the evidence that the ejection was wrongful, and I charge you that the mere retention by conductor of a ticket tendered by plaintiff, which did not entitled her to transportation on defendant's train, although the retention of such ticket may have been wrongful, would not make the ejection of plaintiff for the nonpayment of the correct fare, if you believe she was ejected for such nonpayment, unlawful.

(P) I charge you that the conductor on defendant's train had no lawful authority to waive the payment by

plaintiff of the lawful fare, and the retention by the conductor of the ticket by plaintiff did not operate as such waiver.

(F) If you are reasonably satisfied from the evidence that plaintiff tendered to conductor $2, and no more, then I charge you that the ejection of plaintiff was not unlawful.

LONDON & FITTS, and W. S. BROWER, for appellant.

MCARTHUR & HOWARD, for appellee.

MAYFIELD, J.—The action is by a passenger against a carrier, for being wrongfully ejected.

Plaintiff, a negro woman, holding a return coupon ticket only, boarded one of the defendant's passenger trains at the terminal station in Birmingham, to go to Camp Hill, Ala. The return coupon was from Birmingham to Opelika, which was beyond Camp Hill, plaintiff's destination. The ticket in question was one issued by the defendant to its employees only, and issued at much less cost than regular tickets. It was not issued to plaintiff; she having purchased it from the employee or person to whom it was issued. The ticket was not assignable or transferable. When the conductor came around to take up the tickets, he asked plaintiff her name, and, on ascertaining that she was not the person to whom the ticket was issued, declined to accept it as her ticket, but kept it; and plaintiff was ordered to get off. The evidence is in conflict as to whether the plaintiff declined to pay the fare when the coupon ticket was rejected. The conductor testifies that she declined to pay the fare, which was $3.21, saying that she had only $1 and was able to borrow another from a friend; and that she did offer to pay $2. The plain-

tiff testified, however, that she had $4.50 at the time; that she asked to be allowed to pay the fare; that her request was denied, the conductor saying that he had no time to fool with her, and that he had her to get off the car.

The bill of exceptions contains two singular recitals as to the pleadings in the case.

The first is as follows: "Defendant's attorney asked her, 'Where did you buy this ticket?' Plaintiff objected to the question on the ground that there was no special plea. The court remarked, 'I shall hold under the law as I interpret it, if you undertake to set up as a defense a coupon ticket, the return part being payable to somebody else, you ought to have done it by special plea,' and declined to admit the evidence without the plea. To this ruling of the court, defendant then and there duly excepted. By leave of the court the defendant then filed a special plea."

The second recital is: "After the argument had been closed, the defendant's counsel stated to the court that the replication, to which the plaintiff's counsel had referred in his argument, had never been marked filed, and that, from the conversation had between counsel and the court at the time the replication was first produced, defendant's counsel understood the court to intimate that the replication was bad in substance, and that the plaintiff's counsel had withdrawn it or did not intend to insist upon it. That replication had not been marked filed until the day after the testimony had closed, and asked leave to demur thereto, and thereupon the court permitted the defendant's counsel to tender the following demurrer to said replication."

"Plaintiff's counsel then moved the court to strike the demurrer on the ground that it came too late, and

the court sustained the motion, and defendant duly excepted."

The plea and replications are as follows: "Plaintiff boarded defendant's passenger train No. 4 on October 31, 1912, holding the return coupon of an employee's ticket issued to some one else and reading Birmingham to Opelika, and defendant avers that the plaintiff was not an employee of defendant, and that no person not such an employee was entitled to use said ticket. She said she had bought it from a negro man and wanted to use it as far as Camp Hill. The conductor lifted the ticket, and the plaintiff then offered him $2 to carry her to Camp Hill, Ala. The conductor refused to accept the above amount, and stopped the train at or near Eighth avenue and Twenty-Seventh street, Birmingham, Ala., and let plaintiff off, and defendant avers that the fare from Birmingham, Ala., to Camp Hill, Ala., was $3.21 on October 31, 1912."

"(1) That defendant accepted said ticket by its said conductor, and the said conductor, the agent of defendant in charge of said train, retained said ticket in his possession, and failed or refused to return the same to plaintiff at the time or just prior to the ejection complained of, thereby waiving any irregularity in said ticket, and wrongfully ejected plaintiff from said train, as alleged in her complaint.

"(2) That defendant by and through its conductor in charge of defendant's passenger train, upon which plaintiff was a passenger, while acting within the line and scope of his authority, waived any irregularity which might have affected said ticket by accepting and retaining the same in his possession and wrongfully ejected plaintiff from said train, as alleged in her complaint."

The record shows that the plea and replications were filed as of the same date, and that the trial was had on issue joined on these replications.

(1) Where there is a conflict between the record proper and the bill of exceptions, the former controls as to matter which should appear of record proper, and the latter controls as to matter which should appear by a bill of exceptions. We must therefore treat this case as tried upon the issue shown by the record proper.

(2) The first replication was proven without dispute (that is, every fact alleged in it was so proven), and the plaintiff was therefore entitled to the affirmative instruction as to this issue. We do not mean to say that the replication was a good answer to the plea; but issue was joined on it, and, it being proven without dispute, the plaintiff was entitled to a verdict on the issue as if it were a material issue.

(3) Where a complaint stating a cause of action, though demurrable, is not subject to the demurrer interposed, and issue is taken upon such complaint, evidence is admissible in support thereof, and, if proven, plaintiff is entitled to a verdict.—*Ala. State Land Co. v. Slaton,* 120 Ala. 259, 24 South. 720 (see paragraph 998).

(4) A judgment for the plaintiff will be reversed on appeal, where issue was joined on an immaterial plea, which was proven without conflict, and a charge was refused asking judgment as to such plea.—*McGhee v. Reynolds,* 117 Ala. 413, 23 South. 68.

(5) Taking issue on plaintiff replication is held to be a joinder of issue.—*Glass v. Meyer,* 124 Ala. 332, 26 South. 890.

(6) Where issue is joined on an immaterial plea, and its averments are proven, and a verdict is returned

for the defendant, the plaintiff's remedy is by motion for a repleader, or to move for judgment notwithstanding the verdict.—*Taylor v. Smith,* 104 Ala. 546, 16 South. 629; *Winter v. Pool,* 100 Ala. 503, 14 South. 411; *Hammer v. Pounds,* 57 Ala. 348; *Locke v. Locke,* 57 Ala. 473; *Farrow v. Andrews,* 69 Ala. 96.

(7) The rule as to joining issues on an immaterial plea does not apply to a complaint. A complaint which states no cause of action, and affirmatively shows that it does not, will not support a judgment, though no objection is made in the court below.—*Pulliam v. Schimpf,* 109 Ala. 182, 19 South. 428 (paragraph 989).

(8) A judgment on an immaterial issue, if no repleader be moved for, is as conclusive as any other.— *Winter v. Pool, supra.*

This, however, did not entitle the plaintiff, as matter of law, to a verdict and judgment on the whole case, but only to a verdict so far as the special plea was concerned.

(9, 10) The general issue was also pleaded to the complaint, and the plaintiff was bound to prove her complaint under this issue. As before stated, the evidence was in conflict on this issue, and neither party was entitled to affirmative instructions as to it; consequently all requested charges to this end were properly refused.

(11) There was no error in allowing the witness Dr. Moon, who, as a physician, had examined plaintiff, to testify as to her physical condition and to give an expert opinion as to the probable result or effect of putting plaintiff off, and of her having to carry the two valises, as the evidence tended to show she did.

(12) The defendant not having filed or offered any demurrer to the replications until the evidence was in and the argument closed, it was within the discretion

of the trial court to decline to allow the demurrer to be interposed at that late hour.

There was no error in refusing charges K. L. N. O. P. and F, requested by the defendant. Some of these charges might have been proper, but for the fact that issue was joined on the replications to the special plea, and was, as we have said, proven without dispute. This, of course, would have made the giving of these charges error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.