# Ward *v.* Limblad.

### Trover.

(Decided May 18, 1916.   72 South. 80.)

1. **Trover and Conversion; Evidence.**—The evidence examined and held sufficient to sustain a verdict finding that defendant converted the cow.

2. **Trial; Directing Verdict.**—Where the evidence is open to a reasonable inference of a material fact unfavorable to the right of recovery by the party requesting a directed verdict, the affirmative charge should never be given.

APPEAL from Madison Circuit Court.

Heard before Hon. R. C. BRICKELL.

N. H. Limblad sued R. L. Ward in trover for the conversion of a cow, and there was judgment for plaintiff from which defendant appeals.   Affirmed.

(Transferred from Court of Appeals under act creating said court.)

COOPER & COOPER, for apellant.   R. E. SMITH, for appellee.

MAYFIELD, J.—The action is in trover, to recover damages for the conversion of a cow.   To this count was added a count claiming on an account stated, which latter count, however, need not be noticed, as no question is raised as to it, or as to joinder of counts,   The plaintiff's theory of the case was that defendant had wrongfully, if not feloniously, taken plaintiff's cow and converted it to his own use, by slaughtering it and selling the beef in defendant's beef market.   It was shown without dispute that defendant was a butcher, and that he made some claim to the cow in question under a mortgage executed by plaintiff's grandson; but there was no claim that the grandson had any right to mortgage plaintiff's cow.   Defendant did not, however, attempt to defend by virtue of the mortgage, but he denied converting the cow, or authorizing his butchers to convert it, to his own use.

There was ample evidence to carry the case to the jury, both upon the theory that defendant himself converted the cow, and upon the theory that his agents converted it to the defendant's

use. Of course, there was no direct evidence that defendant or his agents converted the cow; but there was ample evidence to support the verdict to that effect. The plaintiff testified in part as follows: "I owned a cow on the 6th of September last, and I lost her. Robert Ward stole her. She disappeared the first Sunday night in September last year. Before her disappearance Robert Ward had been to me and asked me if I would sell the cow, and I said I would not. I would not take $100 for her; she was the finest cow in West Huntsville; she gave five gallons of milk a day and three pounds of butter, was about seven years old, fat, and in good condition, and her market value was about $75 or $80. After her disappearance a few days, I went to see Mr. Robert Ward, and asked him if he killed my cow, and he replied that he did not kill her, but he had her killed. I told him I expected he would have to pay for her. Three witnesses heard him. One was Mr. Lawless, one Mr. Hawkins, and the other party I cannot name at this time. He is here, however, in court. The cow has never been paid for by Mr. Ward. I did not sell her to him, and did not give my consent for him to get her. Mr. Ward knew my cow, because I sold him milk and butter, and he knew it was the only cow I had."

Another witness testified as follows: "My name is Tom Lawless. I know Mrs. Limblad and Robert Ward. I was present at the time there was a conversation between Mrs. Limblad and Mr. Ward in regard to killing the cow. I was in Mr. Ward's meat shop one day to get some meat, when Mrs. Limblad walked in right behind me and asked Mr. Ward if he killed her cow. He said, 'No,' he did not kill her cow, but he had her killed; that she was killed in his slaughter pen. Mr. Ward said he did not know it was her cow; that he got it from Garland George. Mrs. Limblad told him that he knew it was not Garland George's cow, because he had been to her to buy the cow, and she would not sell it."

(1, 2) There was other evidence, but we deem it unnecessary to refer to it. That set out above was ample to carry the case to the jury; hence there was no error in declining to give the affirmative charge requested by the defendant. The affirmative charge should never be given where the evidence is open to a reasonable inference of a material fact unfavorable to the right of recovery by the party requesting the charge.—*Carter v. Fulgham,* 134 Ala. 242, 32 South. 684; *L. & N. R. R. Co. v. Lan-*

[Birmingham R. L. & P. Co. v. Sprague.]

*caster,* 121 Ala. 471, 25 South. 733; *Ala. Co. v. Slaton,* 120 Ala. 259, 24 South. 720; *Hall v. Posey,* 79 Ala. 84; 5 Mayf. Dig. 150. The general affirmative charge should never be given where there is conflict in the evidence as to the issue to be tried.—*Garren v. Fields,* 131 Ala. 305, 30 South. 775; 5 Mayf. Dig. 150.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.