(76 South. 473)

COGBURN v. STATE. (4 Div. 518.)

(Court of Appeals of Alabama. June 30, 1917.)

1. BASTARDS ⬠35 — PROCEEDINGS AGAINST MINOR—JURISDICTION.

A proceeding in bastardy is not criminal, and the court did not err in putting defendant to trial and overruling his motion to suspend the proceedings and remit him to the probate court, as provided by Act 1915, pp. 577–589, with reference to criminal prosecution, on the ground that he was under the age of 16.

2. BASTARDS ⬠34, 70—DEFENSES—MINORITY.

The plea that defendant was under 16 years at the time of the commission of offense was not a legal answer, but, the state having taken issue upon the plea, and it appearing that defendant was under 16 years of age at the time the child was begotten, defendant was entitled to a verdict on his plea.

Appeal from Circuit Court, Dale County; Judge S. Williams, Judge.

Will Henry Cogburn was tried on a charge of bastardy, preferred by Mattie Newman, and from a judgment in favor of the State, he appeals. Reversed and remanded.

H. L. Martin, of Ozark, for appellant. W. L. Martin, Atty. Gen., for the State.

SAMFORD, J. [1] A proceeding in bastardy is not criminal, and is not the prosecution by the state for a crime. In fact, bastardy, under our laws, is not a crime, but is a proceeding by the state, at the instance of the mother of a bastard child, against the reputed father, for the purpose of finding the real father of the child, and forcing him to support it.

It is earnestly insisted by appellant's counsel that the trial court should not have put him upon trial because he was under the age of 16 years at the time the child was begotten, and therefore the trial court erred in overruling his motion to suspend the proceedings against him and remit him to the probate court of Dale county, Ala., as provided by act of the Legislature of Alabama approved September 16, 1915, pages 577 to 589, inclusive. As we have said, this is not a prosecution for crime, and therefore the act of the Legislature above referred to does not apply to this case, and the trial court did not err in proceeding to ascertain whether or not the defendant was the real father of the bastard child.

[2] The defendant, however, interposed plea 2, in the following words:

"At the time of the commission of the offense, he was under 16 years of age."

This plea was not a legal answer to the complaint, and would have been stricken upon motion, but the state took issue upon it, and, having taken issue upon it, and it appearing from the fact, as stated in the bill of exceptions, that the defendant was under the age of 16 years at the time the child was begotten, the defendant was entitled to a verdict on this plea, and the court erred in refusing charges requested by the defendant in writing to this effect. Ala. State Land Co. v. Slaton, 120 Ala. 259, 24 South. 720; McGhee v. Reynolds, 117 Ala. 413, 23 South. 68; Gerald & Chambers v. Tunstall, 109 Ala. 567, 20 South. 43.

For the error above pointed out, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.