(76 South. 473)

HOME SUPPLY CO. v. ALMON. (8 Div. 343.)

(Court of Appeals of Alabama. June 30, 1917.)

1. EXCEPTIONS, BILL OF ⬤═55(4)—ESTABLISHING BILL OF EXCEPTIONS.

Where timely motion was made in the Court of Appeals to establish the bill of exceptions as set out in the record, the trial judge having died before signing the bill, and counsel for appellee files written statement agreeing that the bill as filed is correct, motion to establish will be granted.

2. APPEAL AND ERROR ⬤═680(2), 682—QUESTIONS REVIEWABLE — MOTION TO STRIKE PLEA AND DEMURRER TO PLEA.

Where the judgment appealed from recited that defendant's motion to strike and demurrer to plea 2 were overruled, but neither the motion nor the demurrer were in the record, the Court of Appeals cannot pass on the court's action in rulings on the motion to strike or the demurrer.

3. CHATTEL MORTGAGES ⬤═170(1)—NOTICE OF FIRST MORTGAGE—EFFECT.

S., to secure an indebtedness to W., delivered to him a mortgage covering his entire crop of cotton for a year, and thereafter delivered to W., in part payment of the indebtedness, after maturity of the mortgage, three bales of cotton covered by it. The mortgage was recorded, and a second mortgagee had notice of its existence when he took his mortgage, which stated that there was no incumbrance except the mortgage to W. W., after delivery of the cotton to him by S., sold and delivered to defendant for the market value of the cotton, which defendant paid in full. Held, that defendant was not liable to the second mortgagee for damages for wrongfully taking the cotton.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Lawrence County; D. W. Speake, Judge.

Action by Dee Almon against the Home Supply Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Action by the plaintiff against the defendant, claiming damages for wrongfully taking three bales of cotton. From a judgment for the plaintiff, the defendant appeals.

J. M. Irwin and W. P. Chitwood, both of Moulton, for appellant. E. B. Downing, of Moulton, for appellee.

SAMFORD, J. [1] It appears that the judge who tried the case died before signing the bill of exceptions. Timely motion was made in this court to establish the bill of exceptions as set out in the record, and counsel for appellee files a written statement in the cause, agreeing that the bill of exceptions as filed is correct. The motion to establish is granted.

On the trial of the case, the defendant filed plea 2:

"The defendant pleads to each of the said three counts, separately and severally, as an answer to the same, that Will Steele, on the 2d day of February, 1914, to secure a bona fide indebtedness of $400 owing to W. W. Windham, executed and delivered to the said Windham a mortgage conveying his entire crops of cotton, corn, fodder, grain and other articles of any kind raised or to be raised by himself and family during said year of 1914, besides other articles of property therein conveyed, and that the three bales of cotton involved in this controversy were raised by said Steele and family during said year 1914, in Lawrence county, Ala., and are a part of the property covered by said mortgage, and that said Steele delivered to said Windham in part payment of said indebtedness, after the maturity of said mortgage, the said three bales of cotton; that said mortgage was recorded in Mortgage Book No. 133, p. 266, in the office of the judge of probate of Lawrence county, Ala., on said 2d day of February, 1914, and that plaintiff had notice of the existence of said mortgage when he took his mortgage on said Steele and Windham on the 12th day of February, 1914, ten days after the execution and delivery of the mortgage of said Steele to said Windham, and that the mortgage under which the plaintiff claims in this case states that there was no incumbrance on said property except the said mortgage to said W. W. Windham, and that plaintiff had full notice of the mortgage of said Steele to said Windham; that Windham, after the delivery of the said three bales of cotton to him by said Steele under his said mortgage, sold and delivered to the defendant for the sum of $93.44 the said three bales of cotton, which was the market value of said cotton on said date of sale, and said Windham was paid in full for said three bales of cotton by this defendant."

[2] The judgment recites that defendant's motion to strike and demurrer to plea 2 were overruled, but neither the motion to strike nor the demurrer are in the record, and hence this court cannot pass upon the action of the court in rulings as to the motion to strike or the demurrer.

[3] The record then shows that plaintiff took issue on plea 2, which was proven by the agreed statement of facts; and, under authority of Cogburn v. State, 76 South. 473,[1] Ala. State Land Co. v. Slaton, 120 Ala. 259, 24 South. 720, McGhee v. Reynolds, 117 Ala. 413, 23 South. 68, and Gerald & Chambers v. Tunstall, 109 Ala. 567, 20 South. 43, the court should have rendered judgment for the defendant on that plea, and for the error in not so doing, the judgment must be reversed, and the cause remanded.

Reversed and remanded.