(133 So. 48)
**UNION INDEMNITY CO. v. FREEMAN.**
**6 Div. 794.**

Supreme Court of Alabama.
March 19, 1931.

London, Yancey & Brower and J. K. Jackson, all of Birmingham, for appellant.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

BOULDIN, J.

Code, § 9564, appearing in the chapter on "Principal and Surety," reads: "Sureties, whether bound on the contract or instrument with the principal debtor as joint, or joint and several obligors or promisors, or as accommodation drawers, acceptors, or indorsers of a bill of exchange, or in any other manner, are entitled to a summary judgment against their principal."

Suretyship is the obligation to pay in case the primary debtor fails so to do according to the terms of the instrument. Principal and surety are parties to the contract. Craft v. Standard Accident Ins. Co., 220 Ala. 6, 123 So. 271.

This is the test of suretyship under the above-quoted section.

"Sureties," that is to say, persons "bound on the contract or instrument with the principal debtor," are given this summary remedy, whether such "sureties" are such in the usual sense, or so bound "as accommodation drawers, acceptors, or indorsers of a bill of exchange, or in any other manner."

"Any other manner" does not mean "bound" in any manner to indemnify or insure the obligee against the defaults of a third party, but means "bound on the contract or instrument with the principal debtor."

The entire context, including related sections, indicates this is the true construction of the above statute.

The contract here involved is one of indemnity insurance, a protection to the bank against defaults of its employees.

The employee is not a party to the instrument.

We need not consider any right of subrogation in favor of the obligor as matter of law, nor of conventional subrogation under proviso No. 2 of the contract.

Summary proceedings, while remedial, are in the nature of extraordinary remedies, departures from the usual forms of law in the administration of justice. Hence they can be resorted to only in the cases specified in the statutes, which should not be extended by construction. Nation v. Roberts, 20 Ala. 544; Weeks v. Yeend, 104 Ala. 546, 16 So. 421.

The circuit court was without jurisdiction to enter a summary judgment against the defaulting employee, because there was wanting the relation of principal and surety under the contract.

Being void for want of jurisdiction, the summary judgment was properly vacated on motion.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.