153 So. 432

**ROBERTS v. STATE ex rel. BAILEY et al.**

**7 Div. 231.**

Supreme Court of Alabama.

March 8, 1934.

Isbell & Beck, of Fort Payne, and O. D. Street, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for appellees.

GARDNER, Justice.

Quo warranto proceedings by the state to oust appellant from the office of statistical and stenographic clerk in the office of the county superintendent of education of De Kalb county. The proceedings were instituted by the county and circuit solicitor on the order of the judge of the Ninth judicial circuit court, in substantial compliance with the provisions of section 9933, Code 1923, and no security for cost was therefore necessary, as expressly provided by said statute.

The motion to dismiss the proceedings for lack of such security was therefore properly overruled.

Demurrer to the information was filed after answer and without leave of the court. A consideration of the demurrer, therefore, was a matter of discretion of the trial court, and we see no occasion to here disturb the ruling striking the same on motion of the state. Central of Georgia R. R. Co. v. Gross, 192 Ala. 354, 68 So. 291.

Other rulings relate to the action of the court in sustaining demurrers to respondent's answer and pleas. Our conclusion is that all these rulings may rest upon one single question, and need no separate treatment, as that question is determinative of this appeal, and embraces the merits of the cause.

It appears from the record that G. W. Hulme was duly elected county superintendent of education for De Kalb county at the last general election, and assumed the office July 1, 1933. On the day previous (June 30, 1933), his predecessor in office (referred to in the answer as the then superintendent of education) nominated, and the board of education did elect, appellant to the office of statistical and stenographic clerk.

Respondent, admitting that he was holding and exercising the powers and duties of the office, had rested upon him the burden of showing by what authority he holds the same, and that he is in the rightful exercise of its duties and powers. State ex rel. Knox v. Dillard, 196 Ala. 539, 72 So. 56. He insists he met this burden by showing an election by the county board of education on the nomination of the predecessor of the present county superintendent of education.

We are persuaded this result does not harmonize with the legislative intent in the statute providing for such an office. A completed appointment required the joint action of the superintendent of education and the county board, and the single action of either, without the concurring action of the other, would have been a mere nullity so far as the question of title to the office is concerned. Clark v. State ex rel. Graves, 177 Ala. on page 193, 59 So. 259.

Such concurring action here appears, and this is merely a preliminary observation to the reasons assigned for the conclusion reached. Section 169, School Code 1927, deals,

as its title indicates, largely with the matter of assistants to the county superintendent, and convenient exercise by him of the functions of the office. It specifically provides, in the discretion of the board, for at least two assistants to the superintendent, one of which is a statistical and stenographic clerk, whose election is upon the "nomination of the County Superintendent of Education." The board could, therefore, elect no one to this position who was not nominated by the county superintendent. The reason of course is entirely plain. He is to assist the superintendent. His duties are largely clerical, and very naturally the matter of choice should in the first instance be left to him whom he is to serve, and with whom he comes in so close contact. No term is fixed, and appellant argues that he must hold until discharged by the appointing power, citing Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211. But the extent of the holding in that case, in so far as here pertinent, was that one appointed to an office, the term of which is not fixed by law, is regarded as holding subject to the will of the appointing power, and is subject to removal by such power without being deprived of any vested right—all upon the theory that the power of removal is incident to the power of appointment. But the Touart Case, supra, is no authority here.

The question is not one of removal, but of the right of the appointive power to nominate and elect beyond the term of the appointing power itself. This question was presented in the New Jersey case of Young v. Stafford, 86 N. J. Law, 422, 92 A. 286 (46 Corpus Juris, 966), where it was held the term of a secretary to the county board of taxation was limited to the life of the board that appointed him; the court saying: "If every board upon its organization has the power to employ a secretary, no previously organized board has the power to employ one for it; hence by the language of the act the employment of a secretary is necessarily limited to the organized life of the board that appointed him." We are mindful, of course, that the court there was giving construction to a statute somewhat different in phraseology from the provision here considered, but it is cited by way of analogy, and as being persuasive to a proper interpretation of a statute kindred in character, though differing in verbiage.

The statute here considered is clearly meant to provide this clerical help to the superintendent then in office. He it is who makes the

selection, the "nomination"—to use the language of the statute—and by the same statute the board is authorized to employ other assistants for him. No time is fixed, and nothing said about holding over until a successor is appointed (Clark v. State ex rel. Graves, 177 Ala. page 200, 59 So. 259), and, indeed, the employment of this clerical help is a matter of discretion as well as any additional assistants that may be secured. Common sense and reason both dictate that all of such employment is for the superintendent then in office, is for his service—a personal relationship—and having no bearing upon his successor in office, who should be free to select his own clerical assistants.

We are therefore persuaded that the language of our statute clearly discloses a legislative intent that such a clerical assistant was for the superintendent then in office, and that his employment was necessarily limited to the life of the appointive power; in this instance, the term of the county superintendent upon whose nomination he was elected. To hold that the outgoing superintendent, in conjunction with the county board, could on the last day of his term impose his own choice of a clerical assistant upon his successor in office, would clearly run counter to the manifest meaning of the statute, which is to be interpreted in the light of common sense and reason and the purpose to be subserved.

This interpretation is also in accord with the expression of this court in Oberhaus v. State ex rel. McNamara, 173 Ala. 483, 55 So. 898, 902, "that the appointing power cannot forestall the rights and prerogatives of its own successor by appointing successors to officers whose official terms expire contemporaneously with or after the expiration of the term of the appointing power."

The authorities cited by appellant have been examined, including Prowell v. State ex rel. Hasty, 142 Ala. 80, 39 So. 164; Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211; but we find nothing in any of them that militates against the conclusion here reached.

We consider that our statute has been properly interpreted, and so interpreted clearly appellant has no office, and the judgment of ouster was correctly entered. It will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.