This case is before us by way of summary judgment granted in favor of appellee, Birmingham Board of Education (defendant below). We affirm. *Page 35 
The facts are not in dispute. The appellant, Joyce Moseley Marsh (plaintiff below) accepted a contract on March 24, 1975, to teach for the Birmingham school system from April 1, 1975, until the end of the school term, May 30, 1975. The contract was signed by Dr. William Cody, the superintendent of schools for Birmingham. On April 8, 1975, the appellant was nominated by Dr. Cody for appointment by the Birmingham Board of Education. The Board deferred action pending further information as to why she had previously resigned from the Mountain Brook school system. Later, at the Board's June 10, 1975, meeting, it rejected the appellant's appointment. In the meantime, the appellant had fully completed her contract.
Appellant contends (1) that Tit. 52, § 361 (2), Code of Alabama 1940, Recompiled 1958, controls and she has been automatically reemployed, or, alternatively, (2) that the Birmingham Board of Education is estopped to deny that appellant has been reemployed.
 I
Whether the appellant was automatically reemployed is controlled by Tit. 52, §§ 187 and 361 (2), Code, which read as follows:
 "§ 187. Transfer and suspension of employees of city board. — The city superintendent of schools shall nominate in writing for appointment by the city board of education, all principals, teachers, supervisors, attendance officers, janitors, and all other regular employees of the board, and shall assign to them their positions, transfer them as the needs of the schools require, recommend them for promotion, suspend them for cause, recommend them for dismissal, subject to the provisions of chapter 13 of this title."
 "§ 361 (2). Teacher deemed re-employed for succeeding school year unless notified. — Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered re-employment for the succeeding school year at the same salary, unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; and such teacher shall be presumed to have accepted such employment unless he, or she, shall notify the employing board of education in writing to the contrary on or before the fifteenth day of June. . . ."
See also Tit. 52, §§ 158 and 182.
The appellee's position, with which we agree, is that the initial employment of the appellant took the joint action of the superintendent of education, who "nominates" teachers to the board of education for appointment, and of the board of education, which "appoints" the teaches to their positions. § 187 does not give the superintendent of education the power to employ a teacher without the concurrence of the board. In this case the appellant's appointment was denied. The reemployment provision of Tit. 52, § 361 (2) does not apply.
This conclusion is consistent with the other provisions in § 187. The superintendent of education similarly is not given the power to promote or to dismiss employees; he can only recommend them to the board of education for promotion or dismissal.
Furthermore, § 361 (2) on which appellee relies refers to the "employing board of education." The superintendent of education is not the employing body; the board of education is.
Board of Education of Escambia County v. Watts, 19 Ala. App. 7,95 So. 498 (1922), a case dealing with a similar statute, provides the following example and conclusion:
". . . Section 12, art. 5, provides:
 "`The county board of education shall appoint, upon the written recommendation of the county of superintendent, all principals,' etc.
 "It was once the law in this state that the Senate should elect a railroad commissioner from three names sent to it by the Governor. Suppose the Senate, without receiving these names, had proceeded to the election of a railroad commissioner, *Page 36 
would any one contend for a minute that such person could hold or be entitled to the emoluments of the office? Other illustrations might be multiplied. Under this statute (section 12), the county board has no power to act until a principal has been recommended in writing by the superintendent of education. The power of election is joint, . . . ." Id. at 9, 95 So. at 500.
In Roberts v. State, 228 Ala. 222, 153 So. 432 (1934), the outgoing superintendent of education nominated a statistical and stenographic clerk the day before he left office and the board of education elected him. The court held that the clerk did not legally hold office because he was not nominated by the superintendent then in office. While the policy reasons for the decision may not be applicable in this case, as the court viewed the relationship between the superintendent and the clerk as personal, the court's interpretation of § 169, School Code 1927, which required election by the board of education upon "nomination of the County Superintendent of Education" is relevant:
 " . . . A completed appointment required the joint action of the superintendent of education and the county board, and the single action of either, without the concurring action of the other, would have been a mere nullity so far as the question of title to the office is concerned. Clark v. State ex rel. Graves, 177 Ala. [188] on page 193, 59 So. 259." Id. at 223, 153 So. at 433.
We conclude, therefore, that the Birmingham Superintendent of Education did not have the authority to employ the appellant without the concurrence of the Birmingham Board of Education. Consequently, the reemployment provision of Tit. 52, § 361 (2) has no application to the case.
 II
The doctrine of equitable estoppel, as a general rule, is not applicable to the state, to municipal subdivisions, or to state created agencies.
 ". . . Persons dealing with agencies of government are presumed to know the legal limitations upon their power and cannot plead estoppel on the theory that they have been misled as to the extent of that power. City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816. No person can claim to have altered his position for the worse by acts or promises which the law warns him he must not depend upon. Whitfield v. Hatch, 235 Ala. 38, 177 So. 149." City of Birmingham v. Lee, 254 Ala. 237, 247, 48 So.2d 47, 55-56 (1950).
The doctrine has been applied against municipalities "where the facts and circumstances, in the judgment of the court, warrants its application." Powell v. City of Birmingham,258 Ala. 159, 166, 61 So.2d 11, 18 (1952). See also Brown v.Tuskegee Light and Power Company, 232 Ala. 361, 168 So. 159
(1936); City of Montgomery v. Weldon, 280 Ala. 463,195 So.2d 110 (1967); and State v. Ward, 272 Ala. 646, 133 So.2d 383
(1961).
The situation before us falls within the general rule. The facts as a matter of law do not come within Powell, Brown orCity of Montgomery; in Ward, the court held that the facts and circumstances were not sufficient to justify application of the principal of estoppel.
We note parenthetically that the appellant does not claim she has not been paid for her labor or that the board of education has been unjustly enriched. See State v. Fourth National Bankof Columbus, Georgia, 270 Ala. 135, 117 So.2d 145 (1959); andBethune v. City of Mountain Brook, 293 Ala. 89, 300 So.2d 350
(1974).
The judgment in this cause is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, JONES and EMBRY, JJ., concur. *Page 37