ON REHEARING
On rehearing, appellant, Rushing, attached a copy of a brief filed at the trial court level which indicates that he did raise the issue of estoppel prior to bringing this appeal. This, however, does not change our opinion. While the doctrine of estoppel may be applied against a municipal corporation in certain cases, such application is rare. Alford v. City ofGadsden, 349 So.2d 1132 (Ala. 1977); Marsh v. Birmingham Bd. ofEd., 349 So.2d 34 (Ala. 1977); Board of School Com'rs of Mobilev. Hudgens, 274 Ala. 647, 151 So.2d 247 (1963).
Normally, the question of estoppel is a mixed question of law and fact and summary judgment would not be proper. See Alford, supra. In this case, however, the facts are undisputed, and it is clear, as a matter of law, that the City of Georgiana was not estopped. The City of Georgiana had no authority to make any payments to Rushing, because an ordinance authorizing such payments had never been passed. The doctrine of estoppel may not authorize a city to do that which it has no authority to do. Alford, supra; Hudgens, supra. Consequently, the City is not estopped from denying any liability to pay past or future disability payments to Rushing based on the fact that an invalid motion was passed and improper payments were made to Mr. Rushing pursuant to that motion. The payments made to Mr. Rushing were a gratuity, and Mr. Rushing suffered no legal detriment by accepting and relying on such payments.
OPINION EXTENDED AND APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.