WRIGHT, Presiding Judge.
This action arose from the following facts: In 1975, defendants, owners of subdivided property outside the corporate limits of the City of Tuscaloosa sought information from the water department as to requirements and cost of extending and construction of water mains and fire hydrants into their property. They were informed that it was the policy of the water department that the developer pay one-half the cost of extending a main from the corporate limits to the limit of the subdivision and the entire cost of the lines within the subdivision when such subdivision was located out of the City. If the subdivision was within the City limits, the developer paid one-half of the entire cost. Defendants then represented to the water department that annexation of the subdivision into the City would be requested. Relying upon that representation, the City required a deposit of only one-half the estimated cost of the total project and proceeded with the installation. Upon completion, the property had not been annexed and defendants were billed for the remaining unpaid costs of $9,458.12. There is no dispute as to the correctness of that amount.
In February of 1978 the City extended the time for payment until December 31, *87 1978, so that annexation could be pursued. It was agreed in writing by defendants that if annexation had not been completed by that date that the charge would be paid. By the time the petition for annexation reached consideration by the City Commission, more than fifty percent of the owners of lots in the subdivision were opposed. Thus annexation was not permitted by law. Payment was not made prior to December 31, 1978. The City sued.
Defendants defended, claiming breach by the City of an implied contract by failing to annex the property into the City. Defendants also contend the policy of the City in fixing differing charges for installation of water mains for property outside corporate limits from installations on property within corporate limits denies equal protection of the law.
As we understand the contention of defendants as to their defense of breach of an implied contract, it is in effect a defense of unjust enrichment. Defendants contend that out of their discussions with the City water department there arose an implied contract that the City would annex into the corporate limits the subdivision of defendants. Such annexation would result in defendants saving one-half the cost of installing the water lines. Defendant says the City breached the implied contract by failing to complete the annexation. The bottom line of the contention is that because of the failure of the City to act, defendant should not have to pay the full cost of installing city water in its subdivision.
Defendants have cited and quoted from several cases holding a city liable on a contract implied in law to prevent a city receiving, accepting or retaining benefits without paying just compensation therefor. The primary and most recent case is that of Bethune v. City of Mountain Brook, 293 Ala. 89, 300 So.2d 350 (1974). This is not such a case. Rather the shoes are upon defendants’ feet. Defendants have not shown evidence that the City has enriched itself by obtaining benefits without payment therefor. The evidence is that defendants received material and labor after promise to pay a price. The price to be paid would be diminished if annexation occurred. Annexation did not occur. Annexation is a governmental function with authority and method granted to the city by the legislature. The City of Tuscaloosa could not expressly contract to exercise or not to exercise its delegated authority of annexation. It must follow that it cannot do so by implication. City of Leeds v. Town of Moody, 294 Ala. 496, 319 So.2d 242 (1975). Of course, the previous statement is applicable only if we assume, for argument’s sake, that there was, in fact or at law, basis for an implied contract for annexation. The trial court found there was not. We affirm that finding.
We consider it unnecessary to address appellant’s claim that the policy of charging subdivisions, within and without the City, different amounts for the construction of water services is unconstitutional. The case was tried as one for work done and materials furnished and breach of contract. The City may validly enter into a contract to construct water service facilities for areas surrounding the City. § 11-50-5, Code of Alabama (1975). We point out, however, that the cases cited by appellants deal with the fixing of rates for customers along preexisting lines of city water service. In those cases the city was obligated to supply water to all persons along those lines at equal rates. Birmingham Waterworks Co. v. Brown, 191 Ala. 457, 67 So. 613 (1914). This case deals with the construction of water lines for developers without the corporate limits. The City is under no legal obligation to provide such construction. What difference this distinction may make we do not address at this time.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.