BRADLEY, Judge.
Dalton Sharpton was an employee of the Winston County educational system for over thirty-two years. He was a tenured teacher, principal, and guidance counselor.
For several years prior to June 1981, Sharpton, in addition to his duties as guidance counselor, had been a professional development coordinator. These additional duties were given to Sharpton by the Winston County Board of Education on the recommendation of the superintendent of education, a Mr. Lott.
Mr. Sharpton worked twelve months out of the year and was paid over $17,000 as a guidance counselor and a little over $5,000 as a professional development coordinator.
The position of professional development coordinator was created by the Winston County Board of Education on the recommendation of Superintendent Lott and was not a tenured position.
In June 1981 Superintendent Lott recommended to the Board of Education that Sharpton be reemployed on the same basis as the prior year for the new year beginning July 1, 1981. Sharpton continued to work in this position.
On July 29, 1981 Sharpton was informed by the new superintendent, Letha Weaver, who had taken office on July 1, 1981, that the Board of Education had cut his salary to $17,090.53 and reduced his employment period from twelve months to ten months each year. In other words he no longer had the duties of a professional development coordinator. He was working in his tenured position of guidance counselor.
*126 Mr. Sharpton retired at the end of the 1981-82 school year and has filed this action to recover the loss of pay due to the elimination of his job as a professional assistant to the superintendent. Sharpton says that because of the reduction in pay he receives $106 per month less in retirement pay than he would have received if he had not been deprived of the $5,000 he should have received for the 1981-82 school year.
Mr. Sharpton argues here, as he did in 'the trial court, that the reduction in pay was a violation of the Tenure Act. §§ 16-24-1 to -38, Code 1975. He says that it also violated his property and contract rights under the due process clause of the fourteenth amendment to the United States Constitution.
In Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the United States Supreme Court held that a college professor dismissed from an office held under tenure and other college professors dismissed during the terms of their contracts have interests safeguarded by the due process clause of the fourteenth amendment to the United States Constitution. Also see, Ex parte Hayes, 405 So.2d 366 (Ala.1981).
Mr. Sharpton argues that he had tenure and Should not have been removed from his professional assistant position without notice and a hearing.
The evidence shows that the position held by Sharpton and from which he was discharged was not a tenured position but was in the nature of extra duty given to him by the board of education on the recommendation of the superintendent.
The trial court also concluded in its judgment that:
“[Mr. Sharpton’s] duties as Professional Development Coordinator [fell] within the category of a professional assistant to the Superintendent of Education, the employment and termination of such assistant being governed by Section 16-9-24 of the Code of Alabama, 1975, which said position is not a tenured position
Not being tenured, Sharpton was not entitled to the protection of the Teacher Tenure Act, §§ 16-24-1 to -38, Code 1975. However, we do find that the due process rights accorded to him by the fourteenth amendment to the United States Constitution have been infringed.
Sharpton says that he did not have a written contract for the school year 1981-82 but that the board of education in June 1981, on the recommendation of the then-superintendent, Mr. Lott, reemployed him as a professional assistant for the next twelve months.
The minutes of the board of education reflect that Sharpton, along with all other central office personnel, was reemployed for the 1981-82 school year at the present salary scale.
The new superintendent, Mrs. Weaver, who had taken office on July 1, 1981, recommended to the board of education that the professional development coordinator position held by Mr. Sharpton be eliminated. The board on the recommendation of the superintendent eliminated the professional position held by Sharpton without notice and a hearing.
Sharpton argues that he was entitled to notice and a hearing before being terminated because he was hired for a term of twelve months beginning in June 1981.
We agree that Sharpton should have been accorded notice and. a hearing before being terminated as a professional development coordinator. Roth, supra. He had been reemployed for the forthcoming year in the position that he had held for several years. Although no written contract was entered into between the parties, the board of education did employ Sharpton for the new year and recorded that fact in its minutes. We conclude that Sharpton had been hired for the 1981-82 school year just as effectively as if he had been given a written contract.' Therefore, he cannot be deprived of this property right without due *127 process, i.e. notice and a hearing. Roth, supra.
Sharpton was not given such notice and a hearing before being terminated, and for this omission error was committed.
The board of education argued in the trial court that notice and a hearing were not required and cited the Alabama Supreme Court case of Roberts v. State, 228 Ala. 222, 153 So. 432 (1934).
The Alabama Supreme Court in the Roberts case held that clerical assistants in the county superintendent’s office were hired for the term of the superintendent and their appointments expired with the terms of the superintendent of education.
Accordingly, in the case at bar, the board argued to the trial court that Sharpton’s appointment as a professional development coordinator expired with the expiration of Superintendent Lott’s term, which occurred on July 1, 1981.
Roberts was decided long before Roth determined that public employees who have been discharged from jobs that were held under tenure provisions or pursuant to valid contractual terms had interests in those jobs that were protected by due process.
We conclude, therefore, that Roberts cannot deprive a professional assistant to the superintendent of education of his constitutional rights to due process when he proves that he has protected interests in continued employment. Sharpton proved that he had been employed by the board of education for another year as a professional development coordinator and thus he showed that he had interests in continued employment that entitled him to notice and a hearing.
For the failure to accord Sharpton notice and a hearing prior to his termination as a professional assistant to the superintendent, the board of education violated his constitutional rights to due process. The judgment of the trial court is reversed and the cause remanded for entry of an order directing the board of education to set aside its order terminating Sharpton’s employment as a professional assistant to the superintendent and to give him a hearing on the issue of termination.
We are not to be understood as suggesting that the board of education can or cannot terminate Sharpton’s job as a professional assistant; we are saying only that he must have a hearing before any action is taken by the board of education.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.