JONES, Justice.
This is an appeal from a declaratory judgment involving the validity of two ap *1043 pointments to a municipal gas board pursuant to Code 1975, § 11-50-313. Appellants J.C. Gilbert and Prince Hagler argue that they were validly reappointed to the gas board, and that this Court should overrule the trial court and reinstate them to their directorships. Appellees, the Mayor, City, and City Council of Sumiton, argue that the attempted reappointments were invalid and that Appellants are no longer directors of the gas board.
The parties stipulate the facts as follows:
“1. That the City of Sumiton on or about July 6,1966, formed a gas board in accordance with Act No. 175 of the General Laws of Alabama (General Acts of 1951 as Amended). Said Board was initially created as a three member board and was increased to a five member board.
“2. That the original terms of the five member Board were as follows:
“Original 2 year term, 1966-1968, L. Scurlock.
“Original 4 year term, 1966-1970, C.O. Baird.
“Original 4 year term, 1966-1970, G. Wells.
“Original 6 year term, 1966-1968, H. Dodd.
"J.B. Scurlock, 1968-1972.
“Original 6 year term, 1966-1968, G. Ellis.
“K. Wilkie, 1968-1972.
“Following the original terms, different people, either Council members or non-Council members, were appointed at various times to terms of office. In about 1978, the Mayor and Council members for the City of Sumiton started making 5 year appointments. This practice continued up through the filing of the instant litigation.
“3. A controversy arose on October 8, 1984, when the City Council of the City of Sumiton, by Council action, ostensibly replaced two members of the Gas Board with two new appointees; i.e., Sonny Gilbert and Ervin Creel were ostensibly replaced by Wayne Morgan and Charlie Barnett.
“4. A declaratory judgment action was brought by C.E. Gilbert and Ervin Y. Creel to declare their rights, to reinstate them to their Directorships, and to issue certain injunctive relief regarding their rights as Directors and praying for reasonable attorneys’ fees and cost. An answer and counter petition was filed seeking a complete resolution of the various Directorships and terms of office on the Gas Board of the City of Sumiton. A declaration of rights was sought as to who were the appropriate and correct Board members and what their term of office should be. The counter petition also asked that all Board members or purported Board members as well as the Gas Board of the City of Sumiton be joined as persons and parties and that the Court undertake complete relief as to all parties.”
The trial court held, in effect, that the City Council’s reappointments of J.C. Gilbert and Prince Hagler, the instant Appellants, were ineffective, and that two vacancies existed on the gas board. We disagree and reverse and remand this cause for further proceedings not inconsistent with the following opinion.
OPINION
In the instant case, the Sumiton City Council initially appointed Appellants to the City gas board in June and July 1978 for five-year terms to expire on July 6, 1983. By statute, however, their terms could only be for six years. Code 1975, § 11-50-313.
An appointment for a shorter term than that prescribed by statute, however, does not void an otherwise valid appointment. The appointment is simply construed to be for the statutorily prescribed length. Clark v. State ex rel. Graves, 177 Ala. 188, 59 So. 259 (1912); C. Rhyne, The Law of Local Government Operations, § 13.8 at 233 (1980). Accordingly, we construe Appellants’ appointments, valid in every respect other than term length, to be six-year terms that ended in July 1984.
*1044 In June 1983, however, before the end of their construed six-year terms the City Council attempted to reappoint Appellants for a second term. These second appointments were to expire in July 1988. Thus, again, the City Council erroneously made appointments for five-year terms. And, again, we construe these terms to be valid six-year terms, ending in July 1990.
At this point, Appellees argue that the City Council must designate which “place” they are filling when making an appointment or reappointment in order to preserve the statutorily mandated, staggered-term scheme. See, generally, Code 1975, § 11-50-313. Appellees state, “It cannot be determined to which terms of office, if any, the Appellants were appointed; thus, the Appellants were appointed to undesignated terms. ... An appointment to an undes-ignated term is contrary to the requirement of fixed terms under Ala.Code § 11-50-313 and cannot be construed to be an appointment for any term.”
Assuming, without deciding, the correctness of Appellees’ argument that undesignated terms are void, we disagree with their premise that these are undes-ignated terms. Clearly, the City Council attempted to reappoint Appellants to those same terms or “places” they held previously. When the City Council met in June 1983, it was operating under the assumption that Appellants’ terms were expiring, because the Council had appointed them in 1978 for “five-year” terms. Obviously, the Council reappointed Appellants so as to prevent what it perceived to be imminent vacancies in two “places” on the gas board.
As we have seen, the Council made erroneous appointments of five-year terms, and we have construed these to be six-year terms. Our construction of these terms as being for six years, however, does not affect the Council’s clear intent to reappoint Appellants to the same “places” they had previously occupied. Nor does the Council’s operation under an erroneous assumption (i.e., that Appellants’ terms were expiring in 1983) affect its intent to reappoint Appellants to the same “places.” Therefore, Appellees’ argument is without merit, because the instant appointments were indeed for designated “places”—those previously held by Appellants.
Finally, Appellees argue that these were invalid prospective appointments because one member of the City Council died between the time the Council made the appointments (June 1983) and the time the Council logically should have made the appointments (June 1984). Indeed, this Court has held that “the appointing power cannot forestall the rights and prerogatives of its own successor by appointing successors to officers whose official terms expire contemporaneously with or after the expiration of the term of the appointing power.” Roberts v. State ex rel. Bailey, 228 Ala. 222, 224, 153 So. 432, 434 (1934) (quoting Oberhaus v. State ex rel. McNamara, 173 Ala. 483, 55 So. 898 (1911)).
But this is not the instant case. Here, we have a city council, one of whose members died before June 1984, but whose term of office did not expire until the first Monday in October of 1984. Code 1975, § 11-46-21(c). In other words, a vacancy did indeed exist by reason of death, but the vacancy had no effect on the term of office. Therefore, this is simply a case where prospective appointments were made and took effect before the expiration of the appointing powers’ terms. This is entirely proper. See 63A Am.Jur.2d Public Officers and Employees § 105 (1984).
The precise issue here presented has been addressed by two of the leading authorities on municipal government. As stated by Professor Eugene McQuillin:
“Where the power of appointment exists the rule usually laid down is that, in a proper case, it may be exercised at any time during the term of the officer or the board or body authorized to act in the premises. Thus it has been held that a mayor whose term expires at a certain hour of a certain day has the power at any time prior to the expiration of his term to fill any position which his successor in office might fill if left vacant. So *1045 a municipal council may elect an officer before the incumbent’s term has expired unless the law forbids.” E. McQuillin, 3 Municipal Corporations § 12.83 (3d ed. 1982) (footnotes omitted).
Professor Charles Rhyne puts it this way:
“An appointment may be made anytime before the expiration of the appointing officer’s term, and an appointing officer or body may appoint another before the incumbent’s term expires, but generally they may not do so where the term of the appointee will not take effect until after the expiration of the term of the appointing officer or body.” C. Rhyne, supra, at 232 (footnotes omitted).
For the reasons stated, the judgment appealed from is reversed and the cause is remanded for an order consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.