J. ED TEASE, Retired Circuit Judge.
This is an appeal by the City of Monroe-ville from judgment of $7,850 entered against it on suit by appellees-motel developers which sought reasonable reimbursement of expenses incurred by developers in paving City’s public road adjacent to developers’ property. Appellees’ complaint included counts in implied contract and declaratory judgment.
. Under the declaratory judgment count the trial court rendered summary judgment for the developers that the City “be allowed to make reasonable reimbursement to [appellees] for paving costs incurred by [appellees]_” The trial court then rendered partial summary judgment under the implied contract count in favor of appellees “on the issue of liability by the [City] for payment of reasonable cost of work done and expenses incurred by [appellees] which have served to benefit the ... City ... and the public at large.”
After an ore tenus proceeding on the issue of damages, the court rendered final judgment against appellant for $7,850, and this appeal followed.
Appellant presents two dispositive issues on appeal: (1) whether appellant, a municipal corporation, can legally reimburse the private developers for one-half of expenses incurred by developers in paving a public *434 road within the municipal limits; (2) whether the trial court erred in finding the City liable in implied contract for the payment of a reasonable amount of expenses incurred by the developers in paving and improving the public road.
Although the appellees made no direct request for reimbursement until after the work was completed, the appellant agreed to such payment, provided it had authority to do so. Concerning the appellees’ request for reimbursement, the minutes of the appellant’s council meeting of March 17, 1987 reflect the following:
“Councilman Jim Davis stated that the Council had agreed to pave the street several years ago, but the City had never obtained easements.
“Mayor Hornady pointed out that Mr. Bates should have requested the City’s help before the street was improved.
“The Council agreed that the matter should be tabled until the City Attorney makes a recommendation on how the City can legally reimburse Mr. Bates for half of the expenses he incurred in improving the street. The Council assured Mr. Bates that the matter would be addressed at the next meeting, and that they had no objections of paying half of the cost; the only question was how.” (emphasis supplied)
At the City’s request, the Attorney General rendered an opinion on May 28, 1987 that “we find no authority which would now permit the municipality to reimburse the developers, after the fact, for one-half the cost of the improvements.” We note that the opinion of the Attorney General cited no legal authority by way of statute, case law, or otherwise.to support its finding.
Thereafter, the City refused the developers’ request for reimbursement.
In our opinion the issues presented are controlled by the appellees’ cited case of Bethune v. City of Mountain Brook, 293 Ala. 89, 300 So.2d 350 (1974). In that case the City of Mountain Brook had accepted certain benefits (the construction and dedication of streets) under implied contract. In holding the City liable under implied contract, our supreme court said:
“The law is to the effect that, provided a contract is within the scope of its corporate powers, a municipal corporation may be held liable on an implied contract, either where the contract is implied in fact from corporate acts, or is implied in law, to prevent the municipality from enriching itself by accepting and retaining benefits without paying just compensation therefor. 63 C.J.S., Municipal Corporations § 975, p. 524. In Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163 (1928), this Court held:
“““ * * The doctrine of implied municipal liability applies to cases where money or property of a party is received under such circumstances that the general law, independent of express contract, imposes the obligation upon the city to do justice with respect to the same. If the city obtain money of another by mistake, or without authority of law, it is her duty to refund it — not from any contract entered into by her on the subject, but from the general obligation to do justice, which binds all persons, whether natural or artificial. If the city obtain other property which does not belong to her, it is her duty to restore it, or, if used by her, to render an equivalent to the true owner, from the like general obligation; the law, which always intends justice, implies a promise.” ’ ”
The position of appellees is further supported by the case of Hendrix, Mohr & Yardley, Inc. v. City of Daphne, 359 So.2d 792 (Ala.1978). In that case our supreme court again recognized the right of recovery against a municipality based on implied contract or quantum meruit, saying:
“It is well settled that, provided a contract is within the scope of its corporate powers, a municipal corporation may be held liable on an implied contract, either where the contract is implied in fact from corporate acts, or is implied in law, to prevent the municipality from enriching itself by accepting and retaining benefits without paying just compensation there *435 for. Bethune v. City of Mountain Brook, 293 Ala. 89, 300 So.2d 350 (1974); and Brush Electric Light & Power Co. v. City Council of Montgomery, 114 Ala. 433, 21 So. 960 (1896).”
In the ease at hand, it is undisputed that the paving of a public street is within the scope of the corporate powers of the municipality. Moreover, there being no genuine issue of a material fact presented to the trial court under either motion for summary judgment, we find that the trial court committed no error in granting each in favor of appellees.
Appellant further argues that the trial court erred in awarding judgment in the specific amount of $7,850 because the roadway in question was paved thirty-eight feet in width rather than the twenty-six foot width which is standard in the City of Monroeville. The record does not support such an argument. Although the street was paved to a width of thirty-eight feet, the trial court heard evidence ore tenus concerning this and other factual issues, including what the work should have reasonably cost to perform. The judgment entry of $7,850 is not contained in the record before us. We must therefore conclude that the damages awarded were based upon “the reasonable cost for work done and expenses incurred” as recited in the court’s earlier partial summary judgment.
The proper measure of damages under the circumstances of this ease would be the reasonable value of the benefits which the City accepted, used, and retained, Bethune v. City of Mountain Brook, supra; or the reasonable value of the services rendered, Hendrix, Mohr & Yardley, Inc. v. City of Daphne, supra.
The record clearly supports the trial court’s judgment on the factual issue of damages, and all presumptions lie in favor of its judgment under our ore tenus rule of review. Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492 (1942). Where there is credible evidence supporting the court’s judgment, and it is not manifestly unjust or unreasonable, the judgment must be upheld. Alabama Power Co. v. Martin, 341 So.2d 695 (Ala.1977); Hartford Accident & Indemnity Co. v. Oglesby, 293 Ala. 620, 308 So.2d 695 (1975).
The judgment of the distinguished trial court is due to be, and is, in all respects affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.