COBB, Chief Justice
(dissenting).
I respectfully dissent. This case involves “tax islands” in which the businesses and residents located therein have received services from the City of Huntsville without cost for more than 50 years, all without benefit of any written agreement. The gist of the majority’s opinion that Huntsville is nonetheless bound to continue its service to the tax island in question is based upon its conclusion that *195 Huntsville failed to advocate to the trial court that the case of Bethune v. City of Mountain Brook, 293 Ala. 89, 300 So.2d 350 (1974), is distinguishable. This is not a situation in which the legal rationale of Bethune was not presented to the trial court. Rather, the majority holds that because Huntsville did not advocate that the rationale of Bethune was inapplicable to its situation, the judgment of the trial court may not be reversed based on the trial court’s failure to discern that fact for itself. If the majority opinion is properly regarded by this Court as precedent, it would seem that henceforth this Court may not reverse summary judgment when the trial court had misapplied the rationale of an appellate opinion to reach its conclusion and the nonmovant fails to demonstrate that it has argued that misapplication to the trial court.
For example, consider a case where a plaintiff sues a defendant chemical company for damage caused by the plaintiffs contact with chemicals manufactured by the company, and the company moves for a summary judgment based on the statute of limitations because, under Garrett v. Raytheon Co., 368 So.2d 516 (Ala.1979), the period between the date of the plaintiffs last exposure and the date of filing the action exceeded the limitations period. If the trial court enters a summary judgment for the defendant and the plaintiff cannot show that it argued that Garrett has no application because this Court overruled it in Griffin v. Unocal Corp., 990 So.2d 291 (Ala.2008), the rationale of the majority opinion suggests that this Court must nonetheless affirm the summary judgment. That rationale is wrong.
I believe that the majority’s reliance here on the well-settled rule that this Court will not reverse a judgment of a trial court on an issue not first presented to the trial court, see Ex parte Ryals, 773 So.2d 1011, 1013 (Ala.2000), and Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992), is based upon a false premise. In fact, the issue before the trial court, presented by Stove House, was whether Bethune warranted a holding that an implied contract for services existed between Huntsville and Stove House as a matter of law. Accordingly, I believe that it is well within the province of this Court to examine the applicability of Bethune to the facts presented here. Our law is well settled that the trial court is presumed to know the law, a concept that surely includes the trial court’s correct application of caselaw. Ex parte Atchley, 936 So.2d 513 (Ala.2006), Apicella v. State, 945 So.2d 485, (Ala.Crim. App.2006), and Carter v. Carter, 666 So.2d 28 (Ala.CivApp.1995). The issue presented by Bethune, ie., whether there were facts to show an implied contract between Stove House and Huntsville as a matter of law, was presented to the trial court, and it is this Court’s responsibility to consider whether the trial court reached the correct result. That is, it is also settled law that this Court reviews the trial court’s decisions on questions of law de novo, and it is this Court’s obligation as an appellate court to undertake that review. Board of Trs. of Univ. of Alabama v. American Res. Ins. Co., 5 So.3d 521 (Ala.2008), Special Assets, L.L.C. v. Chase Home Fin., L.L.C., 991 So.2d 668 (Ala.2007), and Pinkerton Sec. & Investigation Servs., Inc. v. Chamblee, 961 So.2d 97 (Ala.2006).
Finally, I note that this case ultimately represents a waste of both judicial resources and the resources of the parties. For all that appears in the opinion, Huntsville may simply refile its action for a judgment declaring that it is not obligated to provide further city services to Stove House and this time argue the inapplicabil *196 ity of Bethune. The majority opinion achieves neither justice nor economy.